UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v. )<br>)<br>CARLOS RAFAEL )<br>ACOSTA-JOAQUIN, )<br>)<br>Defendant. ) | 2:16-cr-00062-JDL |

**ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Following a three-day jury trial held in October 2016, defendant Carlos Rafael Acosta-Joaquin was convicted of a single count of Social Security Number Fraud, 42 U.S.C.A. § 408(a)(7)(B) (2016) (Count 3 of the indictment), and acquitted on two counts of Theft of Government Funds, 18 U.S.C.A. § 641 (2016) (Counts 1 and 2) and one count of Identify Theft, 18 U.S.C.A. § 1028(a)(7) (2016) (Count 4). His oral motion for judgment of acquittal as to Count 3 was denied on November 8, 2016. ECF No. 58. He subsequently filed a written motion for judgment of acquittal. ECF No. 61.

In 2006, Acosta-Joaquin, a native of the Dominican Republic, paid to be smuggled into Puerto Rico. Once in Puerto Rico, he purchased a Social Security card and birth certificate, both in the name of Kelvin Valle-Alicea, from a private individual, and subsequently obtained a driver's license in the same name. Acosta-Joaquin then moved to Pennsylvania and ultimately Maine. He has lived in Maine for several years and is the father of two children born in the United States.

In support of his motion for judgment of acquittal, Acosta-Joaquin argues that there was insufficient evidence regarding the mens rea element of the charge of Social Security Number Fraud contained in Count 3. In support, he emphasizes that the mens rea element for the two theft counts—Counts 1 and 2—is identical to the mens rea element for the Social Security Number Fraud count—Count 3—and the jury acquitted him on Counts 1 and 2, but convicted him on Count 3.[1] Overall, he argues that a judgment of acquittal as to Count 3 is required because the Government failed to prove that he acted willfully when he used the Social Security number he purchased in Puerto Rico to pay a Maine traffic citation by mail.

As to Count 3, the jury was instructed:

> **Count Three** of the indictment charges that on about September 22, 2015, in the District of Maine and elsewhere, Mr. Acosta-Joaquin, for the purpose of obtaining something of value and for other purposes, namely, to facilitate the collection of money owed by him to the State of Maine, knowingly and willfully, and with the intent to deceive, used the Social Security Number described in the indictment on a Payment Notice Order (Form MJBVB-3) that was filed with the State of Maine, when in fact he knew that number was not assigned by the Commissioner of Social Security to him. It is against federal law to commit this crime.
> For you to find Mr. Acosta-Joaquin guilty of Social Security number fraud, you must be convinced that the Government has proven each of the following things beyond a reasonable doubt:

---

[1] In his motion, Acosta-Joaquin argues that because the mens rea elements of Counts 1 and 2 are identical to the mens rea element of Count 3, the jury's verdicts acquitting him of Counts 1 and 2 but convicting him of Count 3 were inconsistent and, therefore, irrational and should be vacated on that basis. See ECF No. 61 at 4. Acosta-Joaquin retreats from this argument in his reply memorandum, ECF No. 64 at 1, and bases his request for relief on the argument that there was insufficient evidence regarding willfulness—specifically whether he acted with a "bad purpose"—to sustain his conviction on Count 3, *id.* Nonetheless, I note that because the elements of Counts 1 and 2, on the one hand, and Count 3, on the other, are not identical, the jury could logically acquit Acosta-Joaquin on Counts 1 and 2, but convict him on Count 3. *See United States. v. Vizcarrondo-Casanova*, 763 F.3d 89, 104 (1st Cir. 2014). Moreover, verdict inconsistency is not a basis to vacate a conviction if there is, as is the case here, sufficient evidence to sustain the count of conviction. *See United States v. Sullivan*, 85 F.3d 743, 747 (1st Cir. 1996) ("An inconsistent verdict does not require vacating a criminal conviction as long as the appellate court is satisfied that there was sufficient evidence to sustain the counts of conviction.").

> First: that Mr. Acosta-Joaquin willfully and knowingly represented to someone, for any purpose, that the social security number described in the Indictment had been assigned to him by the Commissioner of Social Security; and
>
> Second: that the Social Security Number, in fact, had not been assigned to Mr. Acosta-Joaquin; and
>
> Third: that Mr. Acosta-Joaquin made such representation with the intent to deceive.
>
> The term "for any purpose" means just that, for any other purpose. The false representation need not be made for the purpose of obtaining money or for personal gain.

The jury was also instructed that "willfully" means "to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, or mistake."

Acosta-Joaquin argues that there was insufficient evidence regarding the mens rea requirement that he acted willfully—in particular, with a "bad purpose"—for purposes of Count 3, as he believes the jury found as to Counts 1 and 2. ECF No. 64 at 1. The problem with this argument is twofold.

First, Acosta-Joaquin's argument assumes that the jury acquitted Acosta-Joaquin on Counts 1 and 2 because it found that the evidence was insufficient as to the mens rea element of those counts. Although Acosta-Joaquin's trial strategy was to argue that the Government could not prove that he acted willfully for purposes of both counts, the jury was instructed on and required to evaluate the evidence as to all of the elements of the theft charges. Therefore, it cannot be assumed that the

jury concluded that there was insufficient evidence that Acosta-Joaquin acted willfully for purposes of Counts 1 and 2.

Second, viewing the evidence and drawing all reasonable inferences in the light most favorable to the jury's verdict, there was sufficient evidence for a rational jury to find beyond a reasonable doubt that Acosta-Joaquin acted willfully for purposes of Count 3. *See United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995) ("If the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient."). Acosta-Joaquin purchased his Social Security card from a private individual; he assumed the name and birth date of the person named on the card; and he treated the Social Security number on the card as his own. He used his new identity for many purposes, including to pay the Maine traffic citation which is the subject of Count 3. The jury could reasonably infer from all of the evidence that when Acosta-Joaquin paid his traffic citation by mail, he used the Social Security number so as to hide his true identity from Maine authorities and, with it, his immigration status. The jury was free to reject Acosta-Joaquin's claim that he did not know it was wrong to use the name and Social Security number he had purchased.

Thus, the Government demonstrated that Acosta-Joaquin acted willfully—with a bad purpose—and not by ignorance, accident or mistake, when he represented to Maine authorities that the Social Security number described in the Indictment had been assigned to him by the Commissioner of Social Security. Because the jury could

rationally find Acosta-Joaquin guilty of Social Security Number fraud, the Motion for Judgment of Acquittal (ECF No. 61) is **DENIED**.

    **SO ORDERED.**

    **Dated this 15th day of March 2017.**

                                            /s/ JON D. LEVY
                                          **U.S. DISTRICT JUDGE**